ETHAN R. PLAUT
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT 59403
119 First Ave. N., Suite 300
Great Falls, MT  59401
Phone:  (406) 761-7715
Fax:  (406) 453-9973
E-mail: ethan.plaut@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. KELLY STERLING WAIT, Defendant. | CR 22-95-GF-BMM <br><br> UNITED STATES' SENTENCING MEMORANDUM |
|---|---|

The United States of America, by and through Ethan R. Plaut, Assistant U.S. Attorney for the District of Montana, provides the Court with this memorandum in aid of sentencing the defendant.

## INTRODUCTION

The defendant is being sentenced for armed drug trafficking in Great Falls. He pleaded guilty to count 2 of the indictment, which charges possession with intent to distribute fentanyl. He must be punished appropriately for his criminal behavior, with due consideration for his criminal history. As discussed below, the United States recommends a guideline term of imprisonment, together with a 3-year term of supervised release and a $100 special assessment.

## THE PSR'S GUIDELINE SENTENCE CALCULATION

The Presentence Investigation Report (PSR) identifies a total offense level of 23 and a criminal history category of V, which results in a guideline range of 84 to 105 months of imprisonment. PSR ¶ 90. The Court must impose a term of supervised release of at least 3 years, which would be a guideline term. PSR ¶¶ 92-93. There is a mandatory special assessment of $100. PSR ¶ 97.

## OUTSTANDING OBJECTIONS TO THE PSR

The defense objects to the scoring of the offense described in paragraph 43 of the PSR. The defense asserts that the offense should receive two points instead of three. *See* PSR Addendum. Specifically, the defense argues that Wait was incorrectly placed on conditional release, when he should have moved into the suspended portion of a sentence. *See* PSR Addendum. Therefore, the argument

2

goes, his subsequent conditional release revocation was improper and, perhaps, he would not have been revoked had he been on a probationary sentence instead.

This offense is appropriately scored because the defendant served more than one year and a month, accounting for time served on revocation sentences. USSG §4A1.2(k). The guidelines create no exception or limitation on the scoring in this situation and the defense has not identified any authority to score this offense as two points. The Court has authority to depart downward if it finds, based on "reliable information . . that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history, or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(b).

However, the facts here suggest otherwise. After being conditionally released in 2017, the defendant was convicted of new crimes in September of 2018, December 2018, and April of 2019, all while on that conditional release. PSR ¶¶ 44-46. The commission of three separate criminal offenses would have triggered a revocation, whether of conditional release or of a suspended sentence. The commission of three separate additional crimes while under any type of supervision is also highly indicative of a likelihood that he will re-offend. The offense is properly scored and there is no basis to reduce the defendant's guideline range or depart downward based on this issue.

**SENTENCING RECOMMENDATION**

Pursuant to the considerations and factors in 18 U.S.C. § 3553(a), the United States recommends the Court impose a guideline term of imprisonment, followed by a guideline term of supervised release. That sentence is warranted by several of the sentencing factors and, in particular, by the seriousness of the offense and the need to protect the public from the defendant.

I.   *18 U.S.C. § 3553(a)(1), (3)-(7) Considerations*

- **Nature and Circumstances of the Offense**

On October 31, 2022, law enforcement stopped the defendant and an associate in a vehicle. The defendant had a loaded 9mm pistol in his immediate possession, as well as fentanyl pills and over $3,000 in cash. There were additional significant quantities of fentanyl pills seized in the vehicle. PSR ¶ 15. The nature and circumstances of the offense are alarming.

- **History and Characteristics of the Defendant**

The defendant's history and characteristics are extremely troubling and show this offense is, unfortunately, part of a pattern of escalating criminal conduct and dangerous short-sighted thinking. He was convicted of his first felony at age 19 and his second at 21. PSR ¶¶ 36, 38. He was then convicted of felony DUI in 2011 and another impaired driving felony in 2015. PSR ¶¶ 41, 43. Due to revocations, he ultimately was not released from prison on the latter offense until August of 2021.

4

In just over a year, he had made it to Great Falls, where he was shoplifting and trafficking drugs while armed with a handgun. PSR ¶ 47.

The defendant is now 44 years old. He has steadily been involved in the criminal justice system for his adult life. Despite prior sentences and convictions, his conduct escalated to the point of committing a federal drug trafficking crime while armed with a pistol.

- **18 U.S.C. § 3553(a)(3)-(7)**

The guidelines are as stated above. There is no restitution at issue in this case. A guideline sentence would avoid sentencing disparities and account for the nature of this offense and the defendant's history and characteristics.

II.   <u>18 U.S.C. § 3553(a)(2) Sentencing Purposes</u>

- **Seriousness of the Offense**

The defendant's actions here are serious and had a direct impact on the community. The distribution of fentanyl has crippled communities across the United States and caused extremely detrimental consequences. Although drug offenses may be referred to as "victimless" crimes, fentanyl distribution leaves countless victims and has led to many unintended addictions, weapon possession, and crimes of violence. The drug users, their families, and the communities are all impacted by the distribution of these drugs. The use of fentanyl leads to irrational and dangerous decisions, such as the defendant's decisions in this very case. The

seriousness of the drug trafficking offense was amplified by the defendant's decision to arm himself. The dangerousness of mixing drug trafficking and firearms cannot be overstated.

The defendant's offense was especially dangerous because he chose to distribute fentanyl. The strength of fentanyl alone makes it incredibly dangerous. *See Fentanyl and Fentanyl Analogues: Federal Trends and Trafficking Patterns*, United States Sentencing Commission, 8 (January 2021) ("Due to the potency of fentanyl and its analogues, there is a greater potential for fatalities among both experienced and inexperienced drug users."). Moreover, fentanyl is frequently—like here—designed to look like a significantly weaker substance (like oxycodone), which adds to its danger. *See id*. at 8 (explaining the potential for fentanyl-related fatalities increase when users are unaware that they are even using fentanyl). Reversal drugs that may work on weaker drugs like heroin may not work effectively for a fentanyl overdose. *See id.* at 9 (explaining that higher and more prolonged dosage than is typical for a heroin overdose may be needed to successfully reverse a fentanyl overdose). For these reasons, as fentanyl has become more and more common, so have overdose deaths. *See id*. at 7 (citing CDC data of 2017-2018 synthetic opioid death). A guideline sentence would reflect the seriousness of the defendant's conduct.

- **Respect for the Law**

The defendant's criminal history, summarized above, shows that he has recently demonstrated extreme disrespect for the law.

- **Just Punishment**

As explained above, the defendant's conduct was extremely serious. It is incalculable how many lives and families have been destroyed by fentanyl obtained directly or indirectly through the defendant. It is incalculable how much of a risk the defendant presented when he armed himself, given his history. A guideline sentence would provide just punishment.

- **Deterrence**

Multiple convictions have had zero deterrent effect on the defendant. A guideline sentence would confirm that the defendant's conduct will not be tolerated, and a sentence of that length is necessary to deter him, and others that hear about his crimes, from engaging in similar conduct in the future.

- **Protection of the Public**

Protecting the public calls for a guideline sentence. An impaired drug trafficker in Great Falls is a grave menace to the community. Based on his history, the defendant presents an obvious risk of engaging in similar conduct once released from any term of imprisonment.

- **Training, Care and Treatment of the Defendant**

Finally, three years of supervised release is appropriate to allow the Court to ensure that the defendant makes a reasonable transition to becoming a productive member of society upon completion of his term of imprisonment.

## CONCLUSION

Based on the foregoing, the United States respectfully recommends a guideline term imprisonment, followed by three years of supervised release, and a special assessment of $100.

DATED this 4th day of May 2023.

JESSE A. LASLOVICH
United States Attorney

*/s/ Ethan R. Plaut*
ETHAN R. PLAUT
Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. L.R. 7.1(d)(2) and CR 47.2, the body of the attached memorandum is proportionately spaced, has a typeface of 14 points or more, and the body contains less than 6,500 words, excluding the caption and certificate of compliance.

*/s/ Ethan R. Plaut*
ETHAN R. PLAUT
Assistant U.S. Attorney